# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-00086-CR-W-DGK |
| LESTER E. BROWN, | |
| Defendant. | |

## ORDER GRANTING IN PART MOTION FOR RETURN OF PROPERTY

On March 19, 2018, members of the Kansas City, Missouri, and Independence, Missouri, police departments arrested Lester Brown. During his arrest, the police seized his personal cell phone and computer and gave them to the Government for investigation and use in a criminal prosecution.

On March 22, 2018, the Government charged Mr. Brown with one count of using a "facility," that is, a GPS tracking device, with the intent to commit a crime of violence which resulted in the death of Christopher Harris, to further an unlawful activity, namely, conspiracy to distribute marijuana. A federal grand jury indicted him on April 10, 2018, for this crime.

On July 3, 2018, the Court granted Mr. Brown's motion for a speedy trial. The Court set the case on the September 24, 2018, trial docket. On August 28, 2018, the Government dismissed the indictment.[1] The Government did not, however, return Mr. Brown's property, which he claims contains information which is important to him, including contact information for friends and family, and pictures with sentimental value.

Now before the Court is Mr. Brown's Motion for Return of Personal Property (Doc. 29).

---

[1] Mr. Brown is currently in state custody serving a prison sentence in another case.

The Federal Rule of Criminal Procedure governing the return of property seized during a criminal investigation states:

> A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issues necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Civ. P. 41(g). "Once criminal proceedings have terminated, 'the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property.'" *U.S. v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011) (emphasis added) (quoting *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001)). In short, once charges against a defendant have been dismissed, the burden is on the Government to demonstrate a legitimate reason to continue to hold the property. That said, "the 'spirit of [Rule 41(g)] is one of compromise' that 'recognizes that reasonable accommodations might protect both the law enforcement interests of the United States and the property rights of property owners.'" *Ramsden v United States,* 2 F.3d 322, 327 (9th Cir. 1993) (quoting Fed. R. Crim. P. 41, Advisory Committee's Note to 1989 Amendment).

The Government contends it has a legitimate reason to continue holding these items: a homicide investigation is still ongoing, and the cell phone and computer may be needed as evidence in any new charges. The Government, however, has been in possession of these devices for over a year now. This seems like sufficient time for it to have copied any data it deems to have evidentiary value and then these items them to their owner. Indeed, the Government has not alleged, much less established, that a year is insufficient time for it to have copied the data on these devices or otherwise completed its inspection of them. The fact that these items may be used in a

future possible criminal prosecution does not justify the Government's holding them indefinitely after dismissing Mr. Brown's case. Thus, the Government has not carried its burden of demonstrating a legitimate reason to continue to hold Mr. Brown's property.

That said, the Court recognizes that the spirit of Rule 41(g) is one of compromise. To ensure the Government has ample time to finish any incomplete inspection of these devices, or to appeal this order, the Court will not order their immediate return. The Government shall have four additional weeks to copy or examine these items, and shall return them on or before May 7, 2019.

Mr. Brown's motion is GRANTED IN PART.

**IT IS SO ORDERED.**

Date: April 9, 2019         /s/ Greg Kays
                            GREG KAYS, JUDGE
                            UNITED STATES DISTRICT COURT