# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

LESTER E. BROWN,

           Defendant.

Case No. 18-00086-CR-W-DGK

## ORDER DENYING MOTION FOR RECONSIDERATION

Now before the Court is the Government's motion for reconsideration (Doc. 33) of the Court's order (Doc. 32) directing the Government to return property after it dismissed all charges against the Defendant almost eleven months ago.

The history of this dispute is as follows. On March 19, 2018, officers from the Kansas City, Missouri, and Independence, Missouri, police departments arrested Lester Brown ("Brown") and seized his personal cell phone.[1] They subsequently forwarded the cell phone to federal law enforcement officers for use in a federal criminal prosecution. On April 10, 2018, a federal grand jury indicted Brown on one count of using a GPS tracking device with the intent to commit a crime of violence resulting in death. The Government retained the cell phone for use in this prosecution.

On June 20, 2018, Brown filed a speedy trial motion (Doc. 21). After the Government advised that it most likely would be prepared in September, the Court granted the motion and set the case on the September 24, 2018, trial docket.

---

[1] In Mr. Brown's reply brief (Doc. 31), he asserts the Government seized two items from him, a cellphone and a "computer." In its Motion for Reconsideration, the Government states that Brown has requested the return of a "laptop computer," and that the Government was not aware of any laptop computer seized from Brown. Mot. at 3 n.1. Brown has not disputed the Government's account, and so the Court's order is restricted to his cell phone.

On August 24, 2018, the Government dismissed the indictment without prejudice. The Government, however, declined to return Brown's cell phone to him, which Mr. Brown claims contains contact information for friends and family and pictures with sentimental value.

On November 13, 2018, Brown filed a motion for return of his personal property (Doc. 29). The Government filed a perfunctory response (Doc. 30),[2] in which it argued the underlying homicide investigation was ongoing, and therefore it was reasonable for the Government to retain the property as evidence pending new federal or state criminal charges. The Government did not provide a status report or explain that it had been unable to unlock the phone and access the data.

On April 9, 2019, the Court granted Brown's motion and ordered the cell phone be returned. The Court observed that "Once criminal proceedings have terminated, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *U.S. v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011) (emphasis added). It found that since the Government had been in possession of Mr. Brown's phone for over a year, it had had sufficient time to copy anything of evidentiary value from the cell phone. And given that it had already dismissed the case against Brown, the fact that the cell phone might be of use in a theoretical future prosecution did not justify the Government's indefinite detention of it. Thus, the Government did not carry its burden under Federal Rule of Criminal Procedure 41(g) of demonstrating a legitimate reason to continue holding it. But to ensure the Government had ample time to complete its investigation or file an appeal, the Court gave the Government an additional four weeks—until May 7, 2019—to comply with the order.

---

[2] The Government did not file a response initially. After the Court inquired whether the Government would file any response, the Government late filed a response.

On May 3, the Government filed the pending motion for reconsideration.  The motion asks the Court reconsider its ruling "due to the Government's [prior] failure to articulate why the phone has not been imaged in the time it has been in the Government's possession."  Mot. at 2 (Doc. 33).  The Government made diligent efforts to access the data, including sending the phone to the Heart of America Regional Computer Forensics Laboratory and obtaining a court order in April of 2018 requiring Mr. Brown to provide a thumbprint to be used in opening his phone.  Mr. Brown complied with this order, but investigators could still not unlock the phone.  Mot. at 3, 5.  The Government reports efforts to unlock the phone "remain on-going and the methods being used by forensic examiners have succeeded on other similar cellphones locked in the same manner," but the phone remains inaccessible to forensic examiners.  Mot. at 5.  The Government does not assert that any of these unspecified methods are likely to unlock the phone, or provide a timeline on when its investigation of the phone might be complete.  Finally, the Government suggests that if the phone is returned before its contents are copied, it could lead to the destruction of evidence.[3]

The Government's argument is unpersuasive for two reasons.  First, it is well-established that a motion for reconsideration "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).  The Government had a full and fair opportunity to state its position previously, and the motion for reconsideration does not raise any new arguments or assert facts which were not known when the Government filed its response in December.  The Court is loath to undermine the efficient administration of justice by granting a motion for reconsideration consisting of arguments that could have been raised in an initial brief.

---

[3] The Government also observes in a footnote that, "If Brown was amenable to providing his passcode, the Government could download the contents of the phone and give him the property back as soon as said contents were copied."  Mot. at 6 n.2.  While true, the Bill of Rights generally forbids the Government from seizing property and conditioning its return on the owner's waiving a Constitutional right, even if the property was seized lawfully initially.  U.S. Const. amends. IV, V, XIV.

Second, and more importantly, the Government has not demonstrated a legitimate reason to continue holding Brown's phone. "Once criminal proceedings have terminated, the person from whom the property was seized is <u>presumed</u> to have a <u>right</u> to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *Shigemura*, 664 F.3d at 312. The Government dismissed its murder charge against Brown eleven months ago, and nothing in the record suggests it will be re-filed. Thus, the law presumes Brown has a right to the phone's return. That the phone may possibly contain evidence useful to a murder investigation is a legitimate reason to retain it, but the murder charge being investigated is the same one the Government dismissed eleven months ago, which weakens the rationale. Further, the Government has been in possession of the phone for sixteen months now and has made no progress opening it. In fact, the Government cannot say it will ever be able to open it for inspection. Given the low probability of being able to access the phone's contents (even assuming it contains something of evidentiary value), the justification to continue retaining Brown's phone is too thin to grant the Government's request.

The motion for reconsideration (Doc. 33) is DENIED. The Government shall return the cell phone to Mr. Brown's attorney or other authorized representative within three days.

**IT IS SO ORDERED.**

Date:   July 16, 2019          /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT